

120 West 45th Street, New York, New York 10036
Telephone (212) 688-3025   Facsimile (212) 688-3040

Christopher B. Hitchcock
Telephone Ext.: 109
Email: chitchcockc@hitchcockcummings.com

May 10, 2013

**Delivered via ECF**

Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Edward M. Kiskiel et al. v. J.P. Morgan Chase Bank N.A. et al.
              Case No.: CV-13-2715

Dear Judge Mauskopf:

      We represent the defendants, Fein, Such & Crane, LLP ("FSC"), Mark K. Broyles, Craig K. Beideman and V.S. Vilkhu (collectively "Defendants"), in this action. We write to request a pre-motion conference. Defendants seek permission to move to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6). Defendants also request an extension of their time to respond to the complaint until a determination is made on their pre-motion request.

      Plaintiffs Edward M. Kiskiel and Lorranie Massey (collectively "plaintiffs") allege two causes of action against Defendants. In the fifth cause of action, plaintiffs allege Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by commencing a foreclosure action. Based on the same conduct, plaintiffs allege in their fourth cause of action that Defendants committed a *prima facie* tort. Both claims are time-barred. The *prima facie* tort cause of action also fails to state a claim and, further, should be dismissed once the FDCPA claim is dismissed.

      Plaintiffs allege they executed a note and mortgage with defendant J.P. Morgan Chase Bank, N.A. ("Chase"). *See*, Complaint ¶13. Plaintiffs missed a property tax payment and allege

Honorable Roslynn R. Mauskopf
May 10, 2013
Page 2

that as a result Chase subsequently retained Defendants to commence a foreclosure action. *Id.* ¶¶15-47.

The basis for both claims against the Defendants is that they commenced a foreclosure action on or about June 14, 2011[1]. An action based on a violation of the FDCPA must be commenced "within one year from the date on which the violation occurs." 15 U.S.C. 1692(k). *See also*, *Sykes v. Mel Harris and Associates, LLC*, 757 F. Supp. 2d 413 (S.D.N.Y. 2010). Further, a violation of the FDCPA based upon a foreclosure action must be commenced within one year of the commencement of the foreclosure action. *See*, *Murdock v. East Coast Mortgage Corp.*, 2012 WL 2344515 (D. N.J. 2012). "When an FDCPA claim is premised upon the unlawful prosecution of a foreclosure action, the claim accrues upon the filing of the foreclosure action." *Stone v. Washington Mutual Bank*, 2011 WL 3678838 (N.D. Il. 2011).

Since plaintiff alleges that the foreclosure action was commenced on June 14, 2011, they were required to commence this action on or before June 14, 2012. Because plaintiffs waited until April 3, 2013 to commence this action, their FDCPA claim is time-barred.

Absent the FDCPA claim, because there is no diversity jurisdiction, the remaining state law claim against Defendants should be dismissed as well. *Kelly v. Handy & Harman*, 406 Fed. Appx. 538 (2nd Cir. 2011), *citing*, *Brzak v. United Nations*, 597 F.3d 107 (2nd Cir. 2010), *cert. denied*, 131 S. Ct. 151 (2010). Courts have dismissed state law claims on this ground when the FDCPA claim, which was the only basis for subject matter jurisdiction, was dismissed. *Williams v. Citibank, N.A.*, 565 F. Supp. 2d 523 (S.D.N.Y. 2008); *Somin v. Total Community Management Corp.*, 494 F. Supp.2d 153 (E.D.N.Y. 2007). Accordingly, plaintiffs' claim for *prima facie* tort against Defendants should also be dismissed.

Plaintiffs' cause of action for *prima facie* tort is also time-barred. "A claim for damages for an intentional tort, including a tort not specifically listed in CPLR 215(3), is subject to a one-year limitation period." *Havell v. Islam*, 292 A.D.2d 210 (1st Dep't 2002). Courts have held that a claim for *prima facie* tort is subject to a one-year statute of limitations. *Id. See also*, *Casa de Meadows, Inc. v. Zaman*, 76 A.D.3d 917 (1st Dep't 2010); *Russek v. Dag Media, Inc.*, 47 A.d.3d 457 (1st Dep't 2008).

The fourth cause of action also fails to state a claim. To state a claim for *prima facie* tort, a plaintiff must allege "(1) the intentional infliction of harm; (2) which results in special damages; (3) without any excuse or justification; (4) by an act or series of acts which would

---

[1] The individual defendants Broyles, Beideman and Vilkhu are also not proper defendants to this action. Plaintiffs simply allege that these defendants were "attorneys of record" in the foreclosure action. Clearly, these allegations are insufficient to support a claim for a violation of the FDCPA or *prima facie* tort. In addition to failing to allege any nexus between these defendants and any claimed FDCPA violation, Beideman and Vilkhu are both associates of FSC, and therefore clearly do not belong in this action.

Honorable Roslynn R. Mauskopf
May 10, 2013
Page 3

otherwise be lawful." *Smith v. Meridian Technologies, Inc.*, 86 A.d.3d 557 (2nd Dep't 2011), *quoting*, *Freihofer v. Hearst Corp.*, 65 N.Y.2d 135 (1985). Conclusory allegations of malice are insufficient to support a claim for *prima facie* tort. *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293 (1983). Here, Defendants simply filed a complaint seeking foreclosure. There is not a single fact alleged to support the claim that the filing of the lawsuit was a "malevolent" act.

      We are available at Your Honor's convenience to discuss FSC's anticipated motion.

      Respectfully Submitted,

      *S/ Christopher B. Hitchcock /*

      Christopher B. Hitchcock (7689)

cc:    Law Offices of Jaime Lathrop, P.C. (via ECF)
       Cullen & Dykman, LLP (via ECF)