

# CULLENandDYKMANLLP

Adam M. Marshall
Associate
Cullen and Dykman LLP
Phone: (516) 296-9194
Fax: (516) 296-9155
amarshall@cullenanddykman.com

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 357-3792

May 13, 2013

<u>Via ECF</u>
Honorable Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Kiskiel v. JP Morgan Chase Bank, N.A., et al.*
      *Civil Case No. 13-CV-2715(RRM) (RER)*

Dear Judge Mauskopf:

This firm represents defendant JPMorgan Chase Bank, N.A. ("Chase") in the above matter, both as itself and as the successor by merger to defendant Chase Home Finance LLC. At this time, Chase respectfully requests a pre-motion conference to obtain this Court's permission to file a motion to dismiss the plaintiffs' federal claims and several of their state law claims against Chase pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Chase further requests that its time to answer the plaintiffs' Complaint be extended pending a decision on its application for a pre-motion conference.

## BACKGROUND

Plaintiffs Edward M. Kiskiel and Lorraine Massey ("Plaintiffs") commenced this action in New York State Supreme Court on April 17, 2013, seeking to recover against Chase, among other defendants, for purported violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. and Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Plaintiffs also assert state law causes of action for: (1) breach of the covenant of good faith and fair dealing; (2) negligence; (3) negligent misrepresentation; and (4) prima facie tort. Chase received copies of the Summons and Complaint on the day of filing and timely removed the matter to this Court on the basis of federal question jurisdiction on May 6, 2013.

The Complaint is somewhat difficult to follow. Broadly speaking, Plaintiffs allege that they are Chase borrowers who obtained a $100,000 loan from Chase in 2007, secured by a

*CULLENandDYKMANLLP*

mortgage on their principal residence in Brooklyn. They allege that Chase began mishandling their loan in 2010 by, *inter alia*, refusing to cancel Plaintiffs' escrow account and by rejecting Plaintiffs' monthly tenders of principal and interest as insufficient. According to Plaintiffs, these actions caused their loan to be wrongfully placed into default and led to Chase's eventual filing of a state court foreclosure action on or about June 14, 2011. Plaintiffs also allege that, in or about November 2010, Chase began furnishing negative credit information to various consumer reporting agencies without giving Plaintiffs prior notice. Because of the adverse credit reporting, Plaintiff Kiskiel was allegedly denied financing when he attempted to purchase another parcel of real property near the end of 2012.

## GROUNDS FOR MOTION

As a threshold matter, Plaintiffs have failed to state a viable claim for relief against Chase under the FDCPA. The FDCPA only applies to "debt collectors". 15 U.S.C. 1692(a). The statute largely exempts creditors and most servicers from coverage. In the instant case, as the alleged originator of Plaintiffs' loan and its servicer since inception, Chase simply cannot qualify as a "debt collector" within the meaning of the FDCPA. See e.g., Pascal v. JP Morgan Chase Bank, N.A., 2013 U.S. Dist. LEXIS 33350, at *10-11(S.D.N.Y. Mar. 11, 2013); Giffith-Fenton v. Chase Home Finance LLC, 2012 U.S. Dist. LEXIS 99450, at *6 (E.D.N.Y. May 29, 2012); Costigan v. CitiMortgage, Inc., 2011 U.S. Dist. LEXIS 84860, at *9 (S.D.N.Y. Aug. 2, 2011). Plaintiffs appear to acknowledge as much in their Complaint, arguing only that Chase "should be treated as a debt collector". See Complaint at ¶ 88. The statute and case law dictate otherwise.

Secondly, even if Plaintiffs had alleged sufficient facts to conclude that Chase was a "debt collector" for FDCPA purposes, their claim under that statute would still be untimely. The FDCPA provides that "an action to enforce any liability created by [this Act] . . . may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Here, because the sole apparent basis for the Plaintiffs' FDCPA claim against Chase is the alleged filing of a state court foreclosure action on June 14, 2011 (Complaint at ¶¶ 47, 92), Plaintiffs were required to bring suit no later than June 14, 2012. See e.g., Parker v. Pressler & Pressler, LLP, 650 F. Supp. 2d 326, 338 (D.N.J. 2009); Murdock v. East Coast Mortg. Corp., 2012 U.S. Dist. 85428, at *17-18 (D.N.J. June 20, 2012); see also Sierra v. Foster & Garbus, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999). Their claim is now time-barred.

Plaintiffs' FCRA claim against Chase is equally untenable. In their Complaint, Plaintiffs' appear to allege that Chase violated 15 U.S.C. § 1681s-2(a)(7) by allegedly furnishing negative information regarding Plaintiffs to the consumer reporting agencies Experian, Equifax and Transunion without providing notice of such furnishing to Plaintiffs within thirty (30) days. Complaint at ¶¶ 25, 97-98. This is immaterial. It is well settled that there is no private right of action for violations of § 1681s-2(a). See 15 U.S.C. § 1681s-2(d); Barberan v. Nationpoint, 706 F. Supp. 2d 408, 427 (S.D.N.Y. 2010). As such, even if Plaintiffs' allegations were true, their FCRA claim would still have to be dismissed.[1]

---

[1] Plaintiffs do not purport to assert a claim under § 1681s-2(b). Moreover, inasmuch as Plaintiffs have not alleged that they contacted the consumer reporting agencies to dispute the negative credit information and that the consumer reporting agencies notified Chase of such a dispute, their Complaint fails to state such a claim.

2

*CULLENandDYKMANLLP*

Turning to Plaintiffs' state law causes of action against Chase, their claims for negligence, negligent misrepresentation and prima facie tort must all be dismissed as well pursuant to Fed. R. Civ. P. 12(b)(6). The negligence and negligent misrepresentation claims are both expressly preempted by the FCRA, which provides, in relevant part, that "no consumer may bring an action or proceeding in the nature of defamation, invasion of privacy, or ***negligence*** with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such customer." 15 U.S.C. § 1681t(b)(1)(f) (emphasis added). The prima facie tort claim is time-barred. A claim for prima facie tort has a one-year statute of limitations. CPLR 215(3); Russek v. Dag Media, Inc. v. Zaman, 47 A.D.3d 457, 458, 851 N.Y.S.2d 399, 400 (1st Dep't 2008); Havell v. Islam, 292 A.D.2d 210, 739 N.Y.S.2d 371 (1st Dep't 2002). In this case, Plaintiffs have failed to allege that any injurious conduct occurred within a year of their filing the Complaint.

## CONCLUSION

For all the foregoing reasons, Chase respectfully requests that this Court grant Chase's application for a pre-motion conference and an extension of time to answer. We thank the Court for its consideration.

Respectfully,

*/s/ Adam M. Marshall*

Adam M. Marshall, Esq. (AM 6747)

cc: Jaime Lathrop, Esq.
The Law Offices of Jaime Lathrop, P.C.
Attorney for Plaintiffs
(Via ECF)

Christopher Hitchcock, Esq.
Hitchcock & Cummings, LLP
Attorneys for Defendants
Fein, Such & Crane, LLP, Mark Broyles,
Craig K. Beideman and V.S. Vilkhu
(Via ECF)

3